# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-1879V
Filed: October 23, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| A.M.I., | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Motion for Redaction; Motion to Modify |
| v. | * | Order Concluding Proceedings; |
| | * | 42 U.S.C. § 300aa-12(d)(4)(B) |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Michelle Illig, Esq.*, Law Office of Michelle Illig, Overland Parks, KS, for petitioner.
*Heather Pearlman, Esq.*, U.S. Dept. of Justice, Washington, DC, for respondent.

### JOINT ORDER ON PETITIONER'S MOTION TO REDACT AND PETITIONER'S MOTION TO MODIFY ORDER CONCLUDING PROCEEDINGS

**Roth**, Special Master:

The petition in this matter was filed on December 6, 2018. Petitioner received HPV vaccinations on January 16, 2014; April 3, 2014; and August 11, 2014, which she alleges caused her to develop ulcerative colitis ("UC"). Pet. at 1.

On August 5, 2019, an Order was issued advising petitioner that the statutory 240-day time period for the special master's issuance of a decision had expired. Order at 1, ECF No. 13. The Order advised petitioner that she could withdraw her petition or choose to continue in the Vaccine Program. *Id*.

On September 3, 2019, petitioner filed a Notice to Withdraw Petition advising that she intended to withdraw her petition in favor of pursuing a civil action. ECF No. 14. An Order Concluding Proceedings ("Order") was issued, notifying the Clerk of Court that the proceedings "on the merits" of the petition were concluded, but that no judgment "on the merits" should be entered by the Clerk's Office. Order at 2, ECF No. 15.

On September 16, 2019, petitioner timely filed a Motion to Redact. Motion to Redact, ECF No. 18. In her motion, petitioner requested that "this court (sic) redact the entire case from public view" due to petitioner's wish "to maintain the privacy of her personal health issues." *Id*. at 1. Petitioner submitted that the disclosure of her private information would constitute an unwarranted invasion of her privacy while serving no public benefit. *Id*. Petitioner did not submit a proposed redacted version of the Order Concluding Proceedings as required by Vaccine Rule 18(b).

That same day, petitioner filed a Motion to Modify Order Concluding Proceedings ("Motion to Modify"). ECF No. 19. Petitioner "object[ed] to any ruling, judgment, or opinion of any form other than the August 5th and September 3rd facts leading to the granting of Petitioner's acceptance to withdraw." *Id*. at 1.

On September 30, respondent filed a response to both motions. Response, ECF No. 20. Respondent submitted that "petitioner's redaction request falls outside of the parameters of the Vaccine Act" because Section 12(d)(4) of the Vaccine Act provides that a decision may be redacted, but a decision was not issued in this matter. Response at 1-2. Respondent further submitted that he had no position on petitioner's Motion to Modify and deferred to my discretion. *Id*. at 2.

Petitioner did not file a reply. Petitioner's motions are now ripe for ruling.

## I. Petitioner's Motion for Redaction

**A.     Legal Authority**

Members of the public have the right to access court documents. *See Nixon v. Warner Comm. Inc*, 435 U.S. 559, 597 (1978). Public disclosure of court records is essential to the development of the common law. When the Vaccine Program was established, Congress decided to have the claims adjudicated within the federal court system, indicating an intent that the traditional policy of public disclosure of judicial decisions should apply to Program cases. *Castagna v. Sec'y of Health and Human Servs*., No. 99-411V, 2011 WL 4348135, at *1 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *see also Rhone Poulenc Argo, S.A. v. DeKalb Genetics Corp*., 284 F.3d 1323, 1329 n.3 (Fed. Cir. 2002); *Anderson v. Sec'y of Health and Human Servs*., 2014 WL 3294656 at *3. In some circumstances, courts seal or redact their decisions. However, it should be noted that the preferences of the parties about public access to decisions are not binding. *Reidell v. United States*, 47 Fed. Cl. 209 (2000) (declining to vacate the underlying decision as the parties had requested in settling the case).

The E-Government Act of 2002 requires that all federal courts maintain a website to provide public access to "docket information for each case" and "access to the substance of all written opinions issued by the court." E-Government Act § 205(a). To implement this law, the Court of Federal Claims added RCFC 5.2, which allows for redactions of electronic filings that contain social security numbers, taxpayer-identification numbers, birth dates, account numbers, or the name of a minor. RCFC 5.2(a). *See also Pearson v. Sec'y of Dep't of Health and Human Servs.*, No. 03-2751V, 2011 WL 4863717, at *3 (Fed. Cl. Spec. Mstr. Sept. 22, 2011).

Section 12(d)(4)(B) of the Vaccine Act governs redactions. It states:

A decision of a special master in a proceeding shall be disclosed, except that if the decision is to include information –
(i)     which is trade secret or commercial or financial information which is privileged and confidential, or

>> (ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy,
> and if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information.

The Court of Appeals for the Federal Circuit has yet to interpret this provision, meaning that there is no binding authority regarding how the provision should be applied. As this case does not involve trade secrets or commercial or financial information, petitioner's request relies upon § 12(d)(4)(B)(ii). The question thus becomes: what constitutes a "clearly unwarranted invasion of privacy"?

In an absence of binding precedent, special masters have generally not favored redactions, although there are some notable exceptions. Special masters are often more lenient in granting requests for redaction in cases involving minors. All other redactions are based upon a petitioner's unique circumstances. However, in recent years, special masters have generally only rarely found that an adult petitioner's circumstances warrant redaction.

**1. Rulings Denying Redaction**

Several special masters have concluded that the plain language of the Vaccine Act, specifically § 12(d)(4)(B), requires decisions to be disclosed to the public. Further, special masters have concluded that public disclosure of a vaccinee's medical condition is not a clearly unwarranted invasion of privacy because the vaccinee placed his or her medical condition in contention by filing a claim. Moreover, the publication of Program decisions is necessary so that future petitioners can see what types of cases are meritorious.

In *Langland*, the petitioners requested the redaction of either all medical information or all identifying information. The then-Chief Special Master denied the petitioners' request, ruling that special masters may only redact medical information "if the requesting party can show that disclosure would be an invasion of privacy, and that that invasion would be 'clearly unwarranted.'" *Langland v. Sec'y of Health and Human Servs.*, No. 07-36V, 2011 WL 802695, at *6 (Fed. Cl. Spec. Mstr. Feb. 3, 2011). The then-Chief Special Master found that "the context of the statutory structure" and the "emphatic language" employed by Congress in § 12(d)(4)(B) mean that "a party requesting redaction of medical information must satisfy a substantial burden to demonstrate a right to redaction." *Id*.

The Court of Federal Claims affirmed the Chief Special Master's determination and analysis of the redaction issue in a footnote. 109 Fed. Cl. 421, 424 n.1 (2013). Generally, petitioners must make a strong showing that redaction is warranted in order for their requests to be granted. *See also Castagna v. Sec'y of Health and Human Servs.*, No. 99-411V, 2011 WL 4348135 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Anderson v. Sec'y of Health and Human Servs.*, No. 08-396V, 2014 WL 3294656 (Fed. Cl. Spec. Mstr. June 4, 2014).

2. **Rulings Granting Redaction**

Although recently special masters have generally followed the *Langland* approach, on occasion, special masters and judges have found redactions to be warranted. In *W.C.*, the special master initially denied petitioner's motion to redact. On review, a judge of the Court of Federal Claims reversed. The court determined that, given their similarities, the Vaccine Act's privacy provisions should be read in concert with the Freedom of Information Act's privacy provisions. The court then endorsed a balancing test. The court stated that the special masters' decisions had to contain petitioners' medical information in order to allow the law to develop. However, the judge concluded that it was not necessary for a vaccinee's name to be made public. *W.C. v. Sec'y of Health and Human Servs.*, 100 Fed. Cl. 440, 456-61 (2011).

The petitioner in *W.C.* presented unique circumstances. He argued that disclosure of his medical information would be a clearly unwarranted invasion of privacy because it could undermine his career. The petitioner in that case was a federal employee whose position required him to testify on behalf of the government. He was concerned that public disclosure of his medical condition could discredit his testimony. *Id*. at 447. The court found that redaction of petitioner's name was proper, but it retained the medical information in the decision.

**B.    Discussion**

In the instant matter, petitioner has requested redaction of her entire case from public view. Motion to Redact at 1. Petitioner submitted, "There is no benefit to the public to publish a case where no rulings were made and where Petitioner chose to withdraw…." *Id*. Petitioner further submitted, "The disclosure of Petitioner's private information would constitute an unwarranted invasion of her privacy while serving no public benefit." *Id*.

Respondent, in turn, submitted that the Order Concluding Proceedings does not constitute a decision and therefore is not subject to redaction under section 12(d)(4)(B). Response at 2. Respondent cited to *Hamilton v. Sec'y of Health & Human Servs.*, No. 02-838V, 2003 WL 23218074 (Fed. Cl. Spec. Mstr. Nov. 26, 2003), in which the special master concluded "that a 'judgment' should be entered only after a special master files a 'decision' that complies with § 300aa-12(d)(3)(A) – *i.e.*, a ruling that decides 'whether compensation is to be provided and the amount of such compensation,' and which 'includes findings of fact and conclusions of law.'" *Hamilton*, 2003 WL 23218074, at *5 (emphasis in original). Per *Hamilton*, an Order Concluding Proceedings does not result in an entry of judgment and there does not constitute a "decision" under the Vaccine Act. *Id*. at n.1.

While section 12(d)(4)(B) requires decisions of special masters to be disclosed, it has been the Program's practice to also publish certain rulings and orders even if they will not result in an entry of judgment. *See, e.g.*, *Henley v. Sec'y of Health & Human Servs.*, No. 16-499V, 2017 WL 1129693 (Fed. Cl. Spec. Mstr. Mar. 9, 2017) (Ruling on facts regarding onset of petitioner's symptoms); *Brass v. Sec'y of Health & Human Servs.*, No. 14-918V, 2015 WL 11822104 (Fed. Cl. Spec. Mstr. Feb. 27, 2015) (Order denying petitioner's motion to amend the case caption); *Escalante v. Sec'y of Health & Human Servs.*, No. 08-264V, 2009 WL 995183 (Fed. Cl. Spec. Mstr. Mar. 25, 2009) (Order for petitioner to show cause why her case should not be dismissed).

When interpreting section 12(d)(4)(B) in the context of a motion for redaction, special masters have not differentiated between decisions resulting in judgment and other types of orders or rulings. *See, e.g.*, *T. M. v. Sec'y of Health & Human Servs.*, No. 17-138V, 2018 WL 5269806 (Fed. Cl. Spec. Mstr. Aug. 13, 2018) (Granting petitioner's request for redaction of a fact ruling); *Windhorst v. Sec'y of Health & Human Servs.*, No. 13-647V, 2017 WL 728045 (Fed. Cl. Spec. Mstr. Jan. 10, 2017) (Denying petitioner's request for redaction of a fact ruling). Because the Order Concluding Proceedings will be disclosed to the public, I conclude that it is subject to the disclosure exceptions articulated in section 12(d)(4)(B).

I would like to clarify for petitioner that Vaccine Program cases are filed under seal; the records filed and the orders issued in this matter cannot be accessed by anyone other than the parties and the Court. The only document that will be made publicly available is the Order Concluding Proceedings, which merely states the subject vaccinations, vaccination dates, and claimed injury. Order at 1-2.

The standard set by *Langland* requires a compelling reason for redaction, which must be "tailored to meet the individual interest it serves." *Anderson*, 2014 WL 3294656, at *5 (citing *Langland*, 2011 WL 802695, at *7-8). Petitioner's request for her entire case to be redacted is not narrowly tailored. Moreover, a mere recitation of the standard for redaction and a desire to maintain privacy does not "satisfy a substantial burden" in demonstrating a right to redaction. *Langland*, 2011 WL 802695, at *6. Therefore, petitioner's "entire case" will not be redacted. However, the purpose of disclosure is not defeated by redacting a petitioner's name to their initials; accordingly, when the Order Concluding Proceedings is published, petitioner's name will be redacted to her initials.

## II. Petitioner's Motion to Modify Order Concluding Proceedings

Petitioner moved "for a modified order that states nothing more than the facts involving the August 5, 2019[,] court issued Notice, and the September 3, 2019 facts involving Petitioner's response and the court's order closing the case." Motion to Modify at 2. She "objects to any opinions or rulings on any of the facts of this case, other than the facts associated with withdrawing from the court." *Id*.

Per Vaccine Rule 20(a), all motions must "state with particularity the grounds for the motion" and "set forth the relief or order sought." Petitioner did not cite to any legal authority or provide any grounds for the modification of the Court's Order Concluding Proceedings. Moreover, petitioner offered no reasoning or explanation for why she wanted a modified Order Concluding Proceedings but lodged an overall objection to any opinions or rulings on the facts of the case. The Order did not include any opinions or rulings on this matter, but merely served as an administrative tool confirming that the proceedings in this matter had concluded. Additionally, the Order specifically stated that a judgment on the merits would not be issued. Petitioner has failed to provide adequate support for her Motion to Modify in the form of applicable court rules, relevant legal precedent, or persuasive reasoning. Accordingly, the Order Concluding Proceedings will not be modified, with the exception of redacting petitioner's name to initials.

### III. Conclusion

Petitioner's Motion to Redact is GRANTED IN PART. Petitioner's Motion to Modify is DENIED. The original Order Concluding Proceedings that I issued on September 3, 2019, shall be redacted to petitioner's initials and published thirty-five days after this Order is issued.

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master
