# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 18-1879V
Filed: September 3, 2019

```
* * * * * * * * * * * * *
A.M.I.,                       *
                              *   Vaccine Rule 10(d)(3);
            Petitioner,       *   42 U.S.C. § 300aa-21(b); Order
                              *   Concluding Proceedings
v.                            *
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
            Respondent.       *
* * * * * * * * * * * * *
```

*Michelle Illig, Esq.,* Law Office of Michelle Illig, Overland Park, KS, for petitioner.
*Heather Pearlman, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

### ORDER CONCLUDING PROCEEDINGS[1]

**Roth,** Special Master:

      The petition in this matter was filed on December 6, 2018. Petitioner received HPV vaccinations on January 16, 2014; April 3, 2014; and August 11, 2014, which she alleges caused her to develop ulcerative colitis ("UC"). Pet. at 1.

      In a recorded status conference held on July 23, 2019, I reviewed the relevant case law on both the statute of limitations in the Vaccine Program and the equitable tolling doctrine as applied to the Vaccine Program. *See* Scheduling Order at 2, ECF No. 12. Petitioner also raised several issues that were outside the purview of this Court. *Id*. Petitioner was advised that although her causation claim with regard to the 2014 HPV vaccines was time-barred, it appeared that the Petition inadvertently included a claim that petitioner's UC may have been significantly

---

[1] Although this Order has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Order will be available to anyone with access to the internet.** However, the parties may object to the Order's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Order will be available to the public. *Id*.

aggravated by the second series of HPV vaccinations she received in 2016 and she may have had a significant aggravation claim, if she could prove that petitioner's flares of UC are related to the 2016 vaccines and not the natural course of the condition. *Id*.

On August 5, 2019, I issued a Notice pursuant to 42 U.S.C. § 3000aa-12(d)(3)(A)(ii), advising petitioner that the statutory 240-day time period for the issuance of a decision had expired and notifying the petitioner that she may withdraw the petition under § 300aa-21(b) or choose to remain in the Vaccine Program. *See* ECF No. 13.

On September 3, 2019, petitioner filed a "Notice" in which she stated that, pursuant to 42 U.S.C. § 300aa-21(b), she was withdrawing her petition and electing to file a civil action. *See* ECF No. 14.

It appears that petitioner is electing to exercise her right under § 300aa-21(b) to withdraw following the Court's failure to issue a decision within 240 days of the filing of the petition. Petitioner's request to withdraw her petition is granted.

Accordingly, this Order hereby notifies the Clerk of Court that proceedings "on the merits" of this petition are now concluded, but no judgment "on the merits" should be entered by the Clerk's Office.

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master